IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL HUGHLEY,

        Plaintiff,                       No. CIV S-10-1373 GEB GGH P

    vs.

JOHN W. HAVILAND, Warden, et al.,

        Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Although plaintiff filed his complaint on a habeas petition form, it must be re-designated, for the reasons set forth below, as an action pursuant to 42 U.S.C. § 1983. Moreover, the court cannot rule at this time on whether or not plaintiff might be entitled to in forma pauperis status pursuant to 28 U.S.C. § 1915 for two reasons. The first reason is because plaintiff has failed to file an in forma pauperis affidavit altogether or to pay the required filing fee. See 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the appropriate filing fee. Two, there is a significant difference between the statutory filing fee for a civil rights action, which is $350.00, and the filing fee for the habeas petition plaintiff evidently believed he was filing as a petitioner, which is $5.00. Petitioner/plaintiff will be provided another opportunity to submit a fully completed

1

application to proceed in forma pauperis, should he choose to proceed in this action or, of course, the $350 filing fee in full.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

This action must be re-designated as a civil rights action because plaintiff herein is challenging a condition of confinement and not the duration of his sentence:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

Within his putative petition, petitioner/plaintiff does not challenge the constitutionality of a particular parole decision, but seeks to challenge a California Department of Corrections and Rehabilitation (CDCR) policy, identified as the Parole Accountability Program (PAP), as violative of his equal protection rights because the program is only available to prisoners with determinate sentences and not for prisoners, like himself, who are serving indeterminate sentences. See Petition. Petitioner/plaintiff contends that PAP is a program that develops and implements effective, "specific re-entry plans that maximize a parolee's opportunity to successfully reintegrate into the community." Petition, p. 7. Petitioner/plaintiff alleges that while prisoners with determinate terms "have automatic access to PAP services, based on their guaranteed parole release dates" prisoners with indeterminate sentences are denied such access until there has been a finding of parole suitability by the Board of Parole Hearings. Id.

1    The Supreme Court has also found that where prisoners sought the invalidation of
2 state procedures used to deny parole suitability or eligibility, but did not seek an injunction
3 ordering their immediate release from prison, their claims were cognizable under 42 U.S.C. §
4 1983.  Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S. Ct. 1242, 1248  (2005).  Here
5 petitioner/plaintiff challenges the validity of a prison parole regulation, program or procedure
6 with respect to inmates, like himself, who have indeterminate sentences, but he does not seek a
7 speedier release from incarceration or, as noted, challenge a particular parole decision finding
8 him unsuitable for parole.  The petition will be dismissed with leave granted for petitioner, as
9 plaintiff, to set forth colorable allegations against properly named defendants.

10   Fed. R. Civ. P 8 sets forth general rules of pleading in the federal courts.
11 Complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2)
12 a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the
13 relief plaintiff seeks.  All that is required are sufficient allegations to put defendants fairly on
14 notice of the claims against them.  See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102
15 (1957) (abrogated on another ground by Bell Atlantic Corp., supra, 550 U.S. 544, 127 S. Ct.
16 1955);  5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).

17   If plaintiff chooses to amend his filing, plaintiff must demonstrate how the
18 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
19 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
20 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
21 there is some affirmative link or connection between a defendant's actions and the claimed
22 deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d
23 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,
24 vague and conclusory allegations of official participation in civil rights violations are not
25 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

26   In addition, plaintiff is informed that the court cannot refer to a prior pleading in

order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is to re-designate this action as one brought pursuant to 42 U.S.C. § 1983.

2. The Clerk of the Court shall also provide plaintiff with a copy of the in forma pauperis application used by this court for prisoner civil rights actions.

3. Within twenty-eight days of the date of this order, plaintiff shall submit a fully completed in forma pauperis application or the required $ 350.00 filing fee.

4. The petition is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order.

5. Plaintiff's failure to comply with any portion of this order will result in a recommendation of dismissal of this action.

DATED: August 13, 2010                    /s/ Gregory G. Hollows

                                          GREGORY G. HOLLOWS
                                          UNITED STATES MAGISTRATE JUDGE

GGH:009
hugh1373.b